IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Ronald Satish Emrit,[1] | ) | Case No. 3:24-cv-01755-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Chief Justice John Roberts, Justice Brett Kavanaugh, Justice Samuel Alito, Justice Amy Coney Barrett, Justice Clarence Thomas, Justice Sonia Sotomayor, Justice Elaine Kegan, Justice Ketanji Brown Jackson, Justice Neil Gorsuch, Public Information Officer of the United States Supreme Court, Clerk of the United States Supreme Court, United States Supreme Court, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon review of Plaintiff's complaint. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On April 12, 2024, the Magistrate Judge issued a Report recommending that this action be summarily dismissed without prejudice. ECF No. 7. The Magistrate Judge advised Plaintiff of the procedures and requirements

---

[1] Plaintiff also identifies himself as Presidential Candidate Number P60005535 & Presidential Committee/Political Action Committee/Separate Segregated Fund (SSF) Number C00569897 d/b/a United Emrits of America.

for filing objections to the Report and the serious consequences for failing to do so. Plaintiff has not filed objections to the Report and the time to do so has lapsed.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As stated above, the Magistrate Judge recommends dismissal of this action. The Magistrate Judge determined that venue is improper in this district. Accordingly, the Court begins with a brief discussion of venue.

Federal district courts are vested with the inherent power to control and protect the administration of court proceedings. *White v. Raymark Indus., Inc.*, 783 F.2d 1175, 1177 (4th Cir. 1986). A court has the power to consider *sua sponte* whether venue is proper.

*See Jensen v. Klayman*, 115 F. App'x. 634, 635–36 (4th Cir. 2004) (per curiam).  Pursuant to 28 U.S.C. § 1391(b),

> (b) Venue in general.—A civil action may be brought in—
>
>    (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
>    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
>    (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In absence of venue, a court has authority sua sponte to transfer under either 28 U.S.C. § 1404(a) or § 1406(a), or both.  *See Jensen*, 115 F. App'x. at 635–36; *In re Carefirst of Md., Inc.*, 305 F.3d 253, 255–56 (4th Cir. 2002).  28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The Magistrate Judge determined that Defendants do not reside in South Carolina, nor did a substantial part of the alleged acts or omissions giving rise to the claim occur in South Carolina.  Upon review for clear error, the Court finds that, as explained in more detail by the Magistrate Judge, Plaintiff has not provided any allegations that would support a finding that venue is proper in the United States District Court for the District of South Carolina.

**CONCLUSION**

For the foregoing reasons, the Court adopts the recommendation of the Magistrate Judge. The Court finds that venue is improper in this District and **DISMISSES** this action without prejudice.

IT IS SO ORDERED.

                                                      s/ Donald C. Coggins, Jr.
                                                      United States District Judge

May 29, 2024
Spartanburg, South Carolina